William E. Shedd et al., Trustees, Appellees, v. Warren Coons, Appellee, E. C. Simmons, Appellant.

CORPORATIONS—*what not obligation of.* If the owner of a corporation after making an assignment to a trustee for the benefit of creditors makes an entry upon the books of the corporation of a money obligation claimed to be due to him from such corporation, he does not thereby become a creditor thereof, nor does his assignee, so as to affect the interests of a third party.

Bill of interpleader. Appeal from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in in this court at the November term, 1909. Affirmed. Opinion filed May 28, 1910.

REARICK & MEEKS, for appellant; LEWIS HASLAM, of counsel.

JOSEPH H. BARNHART, CHARLES TROUP and O. A. Mc-FARLAND, for appellees.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

The Force & Booth Hardware Company was a corporation and prior to the time of the circumstances out of which the controversy in this action arose the stock in said corporation was owned by one Force, Warren Coons and J. McKnight Booth. J. McKnight Booth desired to buy and own all of the stock of this corporation and become the sole owner. With this object in view he entered into a contract with said Force and Warren Coons for the purchase of their stock.

The amount of money required for this purchase was $3,900 and for the purpose of buying this stock Booth borrowed from E. C. Simmons, appellant herein, $3,935, which sum of money he deposited to his own credit in the First National Bank of Danville. Out of this fund he paid Force $1,400 and received the stock Force held in the corporation. At the time of completing his contract of purchase with Coons, Booth paid to Coons $1,200 and Coons delivered to Booth the entire amount of stock which he held in the corporation and for which the consideration price of the transfer to Booth was $2,500.

The finances of the Force & Booth Hardware Company were in such condition that immediate cash was necessary and Booth arranged and agreed with Coons that Coons should take a note for $1,300, the balance of the purchase price, which note was executed by the Force & Booth Hardware Company and J. McKnight Booth, and thereupon Booth used $1,291 of the $1,300 in the business of the Force & Booth Hardware Company, of which Booth was at that time the treasurer and he then transferred the balance of the $1,300, which was in the First National Bank in Danville in his own name, to the credit of the Force & Booth Hardware Company. After that time Booth continued to manage, control and operate the said corporation and later changed its name to the Booth Hardware Company and the note given to Coons, signed by the Force & Booth Hardware Company and J. McKnight Booth, was renewed and a new note executed by the Booth Hardware Company and J. McKnight

Booth for the same amount. The corporation became insolvent and an assignment was made to William E. Shedd et al., trustees, appellees herein. This deed of assignment was executed by the Booth Hardware Company to the trustees; the trustees accepted the trust and the deed of assignment being for the purpose of winding up the business of the corporation and converting its assets into money and paying the creditors *pro rata,* the trustees assumed control of the assets. After the assignment was so made to the trustees, J. McKnight Booth credited himself upon the books of the corporation with $1,291, being the amount of the money which was borrowed from Warren Coons and used by him in the business of the corporation. Up to this time there had been no entry upon the books by which Booth had claimed any credit for this fund; after having made this entry and crediting himself upon the books with this amount, he then assigned the claim, which he had thus made, to appellant, E. C. Simmons.

Both Coons and Simmons were notified of the deed to the trustees and assented to the arrangement therein and each filed his claim with the trustees. The trustees proceeded to wind up the business and paid off all the indebtedness, except the indebtedness to Coons and Simmons on their claims, and being unable to determine to which one of them the assets in their hands belonged and believing that only one of them was entitled to it and both claiming it, they filed this bill of interpleader for the purpose of compelling Coons and Simmons to determine in a court of equity their right to the dividends which should be paid on this claim by the trustees.

The cause was referred to the master in chancery and upon his report and findings that the claim of Warren Coons was a valid and subsisting claim against the corporation and that the claim of E. C. Simmons was not a valid claim and that Simmons was not a creditor of the corporation, and reported his conclusions that the fund should be paid to Warren Coons. Exceptions were made to this finding and upon the hearing of the exceptions the chancellor approved the re-

port and finding of the master and entered a decree in accordance therewith and it is from that decree that Simmons appellant prosecutes this appeal.

There is no dispute as to the facts in this case and the evidence is that Booth bought the stock held by both Force and Warren Coons, paid Force in full for his, paid Coons $1,200 on the purchase price of the stock from him and being the treasurer of the corporation and authorized to borrow money for it, borrowed for the corporation from Coons the balance of his purchase price, $1,300, and executed to Coons therefore the note of the corporation and the fact that this money was at that time in the First National Bank to the credit of J. McKnight Booth did not change the character of the transaction in the least, and the fact that Booth did not credit himself on the books of the corporation with any part of this fund until after the assignment to the trustees for the benefit of the creditors, shows conclusively that he understood and intended that the loan from Coons was made to the corporation and for the benefit of the corporation and this is further evidenced by the fact that the note was executed by the corporation.

The entering of this transaction upon the books and giving himself credit for $1,291 seems to have been an afterthought of Booth, and the entire record impels us to the conclusion that the corporation was the principal debtor in this transaction and that the claim of Warren Coons is a just and valid claim against the corporation and that Booth did not become a creditor simply by entering upon the books, after the assignment to the trustees, a record of the transaction and that an assignment of the pretended claim to appellant, E. C. Simmons, did not make Simmons a creditor of the corporation and that the decree rendered by the chancellor in this cause is correct and the decree so rendered is hereby affirmed.

*Affirmed.*